UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAHMOUD ALKAHALA, | ) | **FILED** |
| | ) | JANUARY 30, 2008 |
| Plaintiff, | ) | MICHAEL W. DOBBINS |
| | ) | CLERK, U.S. DISTRICT COURT |
| v. | ) | |
| | ) | PH |
| RUTH DOROCHOFF, District | ) | **08 C 653** |
| Director, Chicago District Office, U.S. | ) Case No. | |
| Citizenship & Immigration Services, and | ) | |
| ROBERT MUELLER, Director, Federal | ) | JUDGE KENNELLY |
| Bureau of Investigations, and MICHAEL | ) | MAGISTRATE JUDGE BROWN |
| CHERTOFF, Secretary, Department of | ) | |
| Homeland Security, | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR HEARING ON
APPLICATION FOR NATURALIZATION and
PETITION FOR WRIT OF MANDAMUS**

The Plaintiff, MAHMOUD ALKAHALA, by and through his own and proper person, and through his attorney, ERIN C. COBB, of the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, moves this Honorable Court for a *de novo* hearing on his application for naturalization pursuant to 8 U.S.C. section 1447(b), and, in the alternative, for a Writ of Mandamus directing the U.S. Citizenship and Immigration Services ("USCIS") and the Federal Bureau of Investigations ("FBI") to adjudicate the application and process any and all background checks pursuant to the same, and in support thereof, states as follows:

1.     That Plaintiff, MAHMOUD ALKAHALA, a native of Kuwait and citizen of

Jordan was born on April 1, 1970.  Further, that on April 1, 1999, Plaintiff was

        granted his U.S. lawful permanent resident status.  He has resided continuously in the United States since that admission.

2.    That Plaintiff filed his application for naturalization with U.S. Citizenship and Immigration Services ("USCIS") on February 9, 2006, and further, that Plaintiff was interviewed on said application on June 19, 2006.

3.    That no decision has yet been rendered on said application for naturalization.

## JURISDICTION AND VENUE

4.    That Plaintiff is thirty-seven (37) years of age and resides in the city of Wood Dale, county of DuPage, state of Illinois, within the Northern District of Illinois.

5.    That Defendants maintain their offices in this district and the USCIS office in this district is responsible for adjudicating the Plaintiff's application.

6.    That this honorable Court has jurisdiction over the instant petition for hearing on the application for naturalization because this petition is brought more than 120 days after the Service's examination of Plaintiff on his application for naturalization pursuant to 8 U.S.C. § 1446, and no decision has yet been rendered. 8 U.S.C. § 1447(b).

7.    That this honorable Court has jurisdiction over this petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), and the Immigration and Nationality Act ("INA") and its implementing regulations, found at Title 8 of the Code of Federal Regulations.

8. That under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  There is jurisdiction under 28 U.S.C. § 1331 because this action arises under 28 U.S.C. § 1361, the APA (5 U.S.C. §§ 555(b), 702), and the Immigration and Nationality Act and implementing regulations.

9. That under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

10. Both the regulations and the INA provide numerous examples of duties owed by both USCIS and the FBI in the naturalization process.  The INA states that the employee designated to conduct an examination on a naturalization application "*shall* make a determination as to whether the application should be granted or denied, with reasons therefor."  8 U.S.C. § 1446(d) (emphasis added).  The Regulations state, "The Service officer shall grant the application if the applicant has complied with all requirements for naturalization."  8 C.F.R. §335.3(a).  The statute also directs that an employee "of the United States, as so delegated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization…"  8 U.S.C. § 1446.  The Attorney General has delegated this duty to the FBI.  *See* 8 C.F.R. § 335.2(b).

The language of the statute and regulations is mandatory, not discretionary, and requires Defendants to adjudicate the application for naturalize and process the investigation.  Because of this duty and the Plaintiff's correlative right to have his

application adjudicated, jurisdiction vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

11. That the APA requires USCIS and the FBI to carry out their duties within a reasonable time. Specifically, 5 U.S.C. section 555(b) states, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and the FBI are federal administrative agencies and are therefore subject to 5 U.S.C. section 555(b). Plaintiff contends that the delays in processing his application for naturalization and scheduling an oath form swearing in as a citizen of the United States are unreasonable.

**PARTIES**

12. That Plaintiff is a citizen of Jordan who has been a legal permanent resident of the United States since April 1, 1999, and who filed an application for naturalization, Form N-400, with USCIS on February 9, 2006.

13. That Defendant, Ruth Dorochoff, is sued in her official capacity. She is the Chicago District Director of USCIS. As such, she is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25,

2002, as modified, the functions of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

14. That Robert Mueller is sued in his official capacity. The Federal Bureau of Investigations is responsible for the proper background clearance conducted on each applicant for naturalization.

15. That Michael Chertoff is sued in his official capacity as Secretary of the Department of Homeland Security.

## FACTUAL HISTORY

16. That Plaintiff, MAHMOUD ALKAHALA, a Jordanian citizen, received his lawful permanent resident status on or about April 1, 1999.

17. That Plaintiff has remained in the United States continuously since U.S. Citizenship & Immigration Services accorded him such status.

18. That Plaintiff has never been arrested for or convicted of any crime.

19. That Plaintiff filed his application for naturalization on February 9, 2006.

20. That Plaintiff was examined on June 19, 2006, pursuant to his naturalization application by the U.S. Citizenship & Immigration Services and at the time of examination, all requirements were met including answering the civics questions,

reading and writing in the English language and conversing in English with the Immigration Officer.

21. That a decision has not yet been made on Plaintiff's naturalization application and that Plaintiff was informed that a background check remains pending.

## RELEVANT LAW

22. That if there is a failure to make a determination on a naturalization application before the end of the 120-day period after the date of examination, an applicant may apply to the district court for a hearing on the matter. The court may either determine the matter or remand the matter, with appropriate instructions, to the USCIS to determine the matter. 8 U.S.C. § 1447(b).

23. That your Plaintiff remains eligible to naturalize pursuant to 8 U.S.C. section 1427, to wit:

(a) no person, except as otherwise provided in this title, shall be naturalized unless such applicant:

(1)  immediately preceding the date of filing his application for naturalization, has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half that time, and who has resided with the United States or within the district of the Service in the United States in which the applicant filed the application for at least three months;

(2)  has resided continuously within the United States from the date of the application up to the time of admission to citizenship;

(3)  During all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

24. That Plaintiff remains a person of good moral character as defined by 8 U.S.C.

    section 1427(e), to wit:

    In determining whether the applicant has sustained the burden of establishing good moral character and the other qualifications for citizenship specified in subsection (a) of this section, the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination, the applicant's conduct and acts at any time prior to that period.

25. That Plaintiff remains a person of good moral character as defined by 8 U.S.C.

    section 1101(f), to wit:

    That no person should be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was –

    (1) a habitual drunkard;

    (2) [stricken];

    (3) A member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D)(6)(E) and (9)(A) of Section 212(a) of this Act, or subparagraphs (A) and (B) of Section 212(a)(2) and subparagraph (c) thereof such action (except as such paragraph relates to a single offense of simple possession of marijuana); in the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period;

    (4) one whose income is derived principally from illegal gambling activities;

    (5) one who has been convicted of two or more gambling offenses committed during such period;

    (6) one who has given false testimony for the purpose of obtaining any benefits under this Act;

    (7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period;

>  (8) one who has been convicted of an aggravated felony (as defined by subsection (a)(43). The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character.

### **REQUEST FOR RELIEF**

(Hearing on the naturalization application)

26. The allegations contained in paragraphs 1 through 25 above are repeated and re-alleged as though fully set forth herein.

27. That Plaintiff meets the statutory requirements of eligibility for naturalization under the Immigration and Nationality Act.

28. That Plaintiff has resided in the United States for over five (5) years continuously as a lawful permanent resident, has met the civics and writing requirements, and remains a person of good moral character.

29. That USCIS did not deny the underlying application for naturalization on ineligibility grounds. Further, USCIS did not deny the subject application on grounds that Plaintiff lacked good moral character.

30. That USCIS has not adjudicated this matter within 120 days or even in a reasonable timetable as Plaintiff was interviewed on the subject application over one and a half years ago.

(Unreasonable delay)

31. The allegations contained in paragraphs 1 through 25 above are repeated and re-alleged as though fully set forth herein.

32. That the Defendants have willfully and unreasonably delayed and have refused to adjudicate the N-400 application for naturalization.

33. That the delay in adjudicating the application is not attributable to Plaintiff.

34. That the Defendants owe Plaintiff a duty to adjudicate the application and have unreasonably failed to perform that duty. This duty is owed under the Immigration and Nationality Act and implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

35. That the delay is unreasonable per se.

36. That the delay is unreasonable in light of the time frame Congress imposed on USCIS in adjudication of applications for naturalizations. 8 U.S.C. § 1447(b).

37. That the delay is unreasonable in light of the fact that upon information and belief, as a result of the delay, Plaintiff will have to be fingerprinted again, in order to have the application for naturalization adjudicated. Since USCIS has made no efforts to fingerprint him again, his case is in an indefinite administrative limbo.

38. That the delay is unreasonable in light of the fact that the USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on his application.

39. That by making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to complete the investigation and adjudicate Plaintiff's application for naturalization.

40. That as a result of Defendants' delay, Plaintiff has been prejudiced in that he cannot receive a successful adjudication of his application and a decision as to

whether he can become a citizen of the United States, with all of the rights and privileges accorded to such status.

WHEREFORE, for those reasons set out above, your Plaintiff, MAHMOUD ALKAHALA, through counsel, prays that this Honorable Court:

A. Grant a *de novo* review of the subject application for naturalization;

B. Grant his application for naturalization to that of a United States citizen;

C. Alternatively, compel the Defendants to perform their duties to adjudicate the application for naturalization and process all background checks within a specific timeframe;

D. Grant such other and further relief as is fair, just and equitable in the premises.

Respectfully Submitted,
Mahmoud Alkahala


By: __s/ Erin C. Cobb_____
One of his attorneys

ERIN C. COBB, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street, Suite 725
Chicago, Illinois 60612
(312) 332-2550
Attorney # 6289242

## **VERIFICATION**

ERIN C. COBB, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am employed by Kriezelman Burton & Associates, LLC, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Petition upon information and belief. The sources of my information and belief are documents provided to me by and conversations with the Plaintiff.

Dated: Chicago, Illinois
       January 30, 2008

                                                   _s/ Erin C. Cobb_____
                                                   Erin C. Cobb
                                                   #6289242

**CERTIFICATE OF SERVICE**

      I, ERIN C. COBB, Esq., attorney for Plaintiff, do certify that on January 30, 2008, I served a copy of the attached **Petition for Hearing on Naturalization Application and Petition for Writ of Mandamus** to the following:

Ruth Dorochoff
District Director
U.S. Citizenship & Immigration Services
101 West Congress Parkway
Chicago, Illinois  60605

Robert Mueller, Director
Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, D.C. 20535-0001

Michael Chertoff
Secretary
Department of Homeland Security
Washington, DC 20528

Office of the U.S. Attorney
219 South Dearborn Street, 5th floor
Chicago, Illinois 60604

                                              __s/ Erin C. Cobb_____
                                              Erin C. Cobb, Esq.

Erin C. Cobb, Esq.
KRIEZELMAN, BURTON & ASSOCIATES,LLC
20 North Clark Street – Suite 725
Chicago, Illinois  60602
(312) 332-2550